**Kenneth MAZIK, Defendant Below, Appellant,**

v.

**DECISION MAKING, INC., Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted June 16, 1982.

Decided July 16, 1982.

L. Vincent Ramunno (Argued), Wilmington, for defendant below-appellant.

Bayard J. Snyder (Argued), Wilmington, for plaintiff below-appellee.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

McNEILLY, Justice:

Defendant, Kenneth Mazik, appeals from a decision by the Superior Court in a Rule 58.1(d)(5) Confession of Judgment proceeding that he was estopped as a matter of law from asserting lack of an effective waiver of his constitutional rights to notice and a hearing prior to the entry of judgment against him on a note which he drafted himself. He contends that as a judgment debtor he had a statutory right to a determination by the Court of whether he effectively waived those rights and that the Court's ruling constituted legal error because it precluded adjudication of that issue.

## I

Defendant is the Executive Director of the Au Clair School in Bear, Delaware. In 1980, he hired Dean Alexander to work at the school. Mr. Alexander and his wife, Kenia Casarreal Alexander, were tenants of defendant Mazik. On July 29, 1980, defendant and plaintiff Decision Making, Inc., by Dean and Kenia Alexander, entered into a loan agreement. The terms of the agreement were contained in an instrument, entitled "Judgement [sic] Note", which was drawn up by the defendant. The judgment note contained a Confession of Judgment clause which read

> "And to secure the payment of said amount, we hereby authorize, irrevocably, any attorney of any Court of Record, to appear for us in such Court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this Note, for such amount as may appear to be unpaid thereon, wheter [sic] due or not together with costs, and to waive and release all errors which may intervene in any such proceedings and to consent to immediate execution upon such judgment; hereby ratifying and confirming all that said Attorney may do by virtue hereof."

When the defendant defaulted, plaintiff sought to enforce the clause by filing for a Confessed Judgment in accordance with the provisions of Superior Court Civil Rule 58.1.

Pursuant to Rule 58.1(d)(5), a hearing was held to ascertain whether defendant had effectively waived its prejudgment rights to notice and a hearing.

At the hearing, Kenia Casarreal Alexander testified that she and her husband were unsophisticated in business circles and were quite reluctant to loan defendant the money which constituted a substantial portion of their life savings. Mrs. Alexander testified that, initially, defendant did not wish to be personally liable on the note and, instead, wanted the plaintiff to loan the money to Colonial House, Inc. which would then be liable on the note. However, the Alexanders were reluctant to lend money to a corporation and it was only after a "long night" of "laborious" negotiations that defendant agreed to substitute his own name for that of Colonial House, Inc. as maker of the judgment note. Mrs. Alexander also testified that she and her husband agreed to lend defendant the money only after he assured them that a judgment note was a safe proposition.

The defendant admitted at the hearing that his negotiations with the Alexanders took "quite a bit of time", and that their recalcitrance at the idea of lending money to Colonial Homes, Inc. was overcome only after he substituted his name for the corporation's name on the note and repeatedly assured the Alexanders that the judgment note would ensure the safety of their investment. Although defendant testified that he did not know that he was waiving certain rights when he signed the judgment note, he conceded that it was he who drafted the instrument and that he read it before signing it. The defendant stated that he had previously signed and made loans on behalf of the Au Clair School "as a matter of course." The defendant further testified that he utilized a store-bought set of legal forms as a guide in drawing up the judgment note.

At the close of the hearing, the Superior Court Judge concluded:

> ". . . as a matter of law, that [defendant is] estopped from denying the import of the very language he selected and the

very instrument that he drew in order to persuade the creditor in this case to make the advances. He is simply estopped to deny the clear meaning of the language he selected. It seems to me if he didn't know what the language was, then he should not have used it."

## II

We agree with the result reached by the Superior Court but would arrive at same via an alternate route. It is technically imprecise to speak in terms of estoppel, as the Court below did, in the same breath that one speaks of the process by which a person becomes dispossessed of certain constitutional rights. While the doctrines of estoppel and waiver are alike in some respects, the means by which a party may properly abandon his constitutional rights is through waiver. See *Baio v. Commercial Union Ins. Co.*, Del.Supr., 410 A.2d 502, 508 (1979). The doctrine of waiver operates in both the criminal, see, e.g., *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and civil contexts. See, e.g., *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964). Indeed, the due process rights to notice and a hearing before a civil judgment are subject to waiver. *D. H. Overmyer Co., Inc. v. Frick*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972); *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). In the civil realm, as in the criminal, a valid waiver must be voluntarily, knowingly and intelligently made, *Overmyer*, 405 U.S. at 186, 92 S.Ct. at 782 (citations omitted), or "an intentional relinquishment or abandonment of a known right or privilege." *Overmyer*, 405 U.S. at 186, 92 S.Ct. at 782, *quoting Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). The validity of a waiver depends upon the totality of the circumstances. See *Zerbst*, supra.

Superior Court Civil Rule 58.1(d)(5) protects a debtor's constitutional rights on a Confession of Judgment note by providing for an evidentiary hearing to determine whether the debtor effectively waived his due process rights. To that end, Rule 58.-1(d)(5) reads in pertinent part

"that [a debtor] may appear in Court . . . at which time he may object to the entry of judgment and a hearing will be scheduled by the Court. At said hearing the plaintiff will be required to prove that the debtor has effectively waived his rights to notice and a hearing prior to the entry of judgment." *Id.*

At the hearing below, we think that sufficient facts were adduced to warrant a finding of effective waiver based on the totality of the circumstances. That defendant was possessed of considerable business experience can fairly be gleaned from the rather sparse hearing transcript; he made loans on behalf of his school "as a matter of course," was a landlord, and although he claimed to have no dealings with Colonial House, Inc., he apparently was ready to sign on its behalf on the judgment note before the fears of the Alexanders pushed him into acceptance of personal liability on the note. Defendant drafted the judgment note and read it before he signed it. But perhaps most telling on the issue of waiver is the form of defendant's note itself. Entitled "Judgement [sic] Note," the bulk of the instrument's language was contained in the Confession of Judgment clause. The only other language in the note pertained to the simple terms of the loan agreement and a brief extension clause. All of these factors lead this Court to the inevitable conclusion that defendant was cognizant of what constitutional rights he was giving up when he drafted and signed the note and that his actions constituted an effective waiver of his due process rights.

Our conclusion rests on *Overmyer*, supra, a case which is apposite here. In *Overmyer* the United States Supreme Court held that a valid waiver existed where one corporation with vast business expertise based upon a multitude of building contracts executed a second judgment note containing a Confession of Judgment clause to another corporation in exchange for the latter corporation's release of several mechanic's liens and monetary relief as to amount,

time of payment and interest rate on the first note executed by the former corporation. *Id.* at 188, 92 S.Ct. at 783. The note with the Confession of Judgment clause had been drafted by attorneys for the debtor corporation. Similar considerations exist here, but on a smaller scale. The business experience of defendant coupled with his decision to draft a note containing a Confession of Judgment clause with personal liability after an arduous bargaining session with plaintiff require that we find an effective waiver as the *Overmyer* Court did.

To sum up, we hold that although the Superior Court imprecisely couched its decision in the language of estoppel, the result was correct beyond any doubt. Sufficient facts were supplied at the evidentiary hearing to warrant a finding that defendant, under the particular circumstances of this case, effectively waived his due process rights to notice and a hearing prior to the confessed judgment on the note.

\* \* \* \* \* \*

AFFIRMED.