# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

Ms. Victoria Petrone, Esquire
Baird Mandalas Brockstedt
& Federico, LLC
2711 Centerville Road, Suite 401
Wilmington, DE 19808

Mr. Jorge Antonio Angulo Aguilar
553 Money Road, Apt. A
Townsend, DE 19734

Mr. Jorge Antonio Angulo Aguilar
c/o JGP Contracting LLC
350 N. Main Street
Smyrna, DE 19977

Submitted: August 19, 2024
Decided: September 11, 2024

> **RE:** **C & C Drywall Contractors North, Inc., et al. v. Jorge Antonio Angulo Aguilar, C.A. No. K24J-00450 JJC**

Dear Ms. Petrone and Mr. Angulo:

Plaintiffs, C & C Drywall Contractors North, Inc. and Herminio Cisneros Campos (collectively referred to as "C & C"), seek to confess judgment against Defendant Jorge Antonio Angulo Aguilar ("Mr. Angulo") in the amount of $44,000. At Mr. Angulo's request, the Court held a hearing pursuant to 10 *Del. C.* § 2306(b) to determine if he understandingly waived notice and his opportunity to be heard before entry of final judgment. For the reasons that follow, C & C did not

1

demonstrate that Mr. Angulo knowingly, intelligently, and voluntarily consented to the confession of judgment.

## Evidence Presented at the Hearing

Mr. Angulo signed a loan agreement and promissory note on March 8, 2023.[1] The terms of those agreements required him to repay a $100,000 interest-free loan to C & C within three months.[2] The promissory note contained a paragraph conspicuously entitled "Confession of Judgment."[3] That provision ostensibly permitted C & C to enter judgment against Mr. Angulo without notice or hearing.[4] It recited that the note's maker, Mr. Angulo, understood the provision and that he either had the assistance of counsel before reviewing it or elected to forgo the help of counsel before signing it.[5]

At the hearing, C & C presented the testimony of three credible witnesses. First, C & C called Mr. Cisneros, one of the two plaintiffs, who testified with the assistance of a Spanish interpreter. He confirmed that (1) he lent Mr. Angulo $100,000; (2) Mr. Angulo signed the loan agreement and note; and (3) Mr. Cisneros believed that Mr. Angulo understood the terms of the agreement and note when they signed the documents.

Next, C & C presented the testimony of C & C's chief financial officer, project manager, and secretary, Heather Jacobs. Ms. Jacobs testified that she discussed the documents with Mr. Cisneros and Mr. Angulo in the office, and that Mr. Angulo appeared to understand them. Her testimony barely touched on the confession of judgment provision, however. She merely testified that she told Mr. Angulo that the

---

[1] (Pls'. Ex. No. 1) Loan Agreement at 2; Promissory Note at 4.
[2] Loan Agreement ¶ 3.
[3] Promissory Note ¶ 6.
[4] *Id.*
[5] *Id.*

confession of judgment provision meant that if Mr. Angulo did not repay the loan, C & C "will take [Mr. Angulo] to court."

Lastly, C & C called Mr. Angulo as a witness during its case-in-chief. Mr. Angulo later testified in his portion of the case as well. From the outset, Mr. Angulo conceded the note's enforceability and that he still owed C & C a significant portion of the funds he had borrowed. He maintained throughout his testimony and argument, however, that he should be permitted to repay C & C through a side agreement that he entered with Mr. Cisneros. C & C objected to the admission of evidence regarding Mr. Angulo's position concerning the unpaid balance and the alleged side agreement. For the reasons explained at the hearing, the Court sustained C & C's objection because those issues fell outside the limited scope of the hearing.[6]

The hearing record is also significant for what it did not include. Specifically, it included no evidence to provide even an inference that Mr. Angulo understood the agreement or could read English. The record also contained no evidence that demonstrated that Ms. Jacobs, who spoke and read English, explained the nature of a confessed judgment to Mr. Angulo. Nor did the record contain evidence regarding Mr. Angulo's sophistication in business matters. Finally, the record contained no evidence to demonstrate how long C & C permitted Mr. Angulo to review the documents before he signed them.

### Contentions of the Parties

C & C contends that Mr. Angulo consented to this confessed judgment when he signed the loan agreement and promissory note. At the outset, C & C stresses that it filed a notice for entry of judgment and affidavit that met the requirements of

---

[6] *See Customers Bank v. Zimmerman*, 2013 WL 6920558, at *3 (Del. Super. Nov. 22, 2013) (recognizing that Superior Court Civil Rule 58.1 provides that a hearing for confession of judgment is limited in scope to the issue of waiver of the rights to notice and a hearing).

3

10 *Del. C.* §2306.[7]  C & C further asserts that Mr. Angulo knowingly, intelligently, and voluntarily agreed to a confessed judgment.

In response, Mr. Angulo admits that he signed the loan agreement and concedes that the agreement and note are enforceable.  He instead focuses on an alleged side agreement with C & C  that he contends should permit him to repay the balance due by performing continued contractual work for C & C.  Mr. Angulo has not addressed the confession of judgment provision at any point, however.

### Applicable Standards and Scope of the Hearing

A debtor's due process rights to notice and a hearing are subject to contractual waiver provided the debtor agrees to a confessed judgment if he or she defaults.[8]  A confessed judgment does not become final, however, until after the debtor has the right to a hearing to determine if he or she "understandingly waived [the] right[s] to notice and an opportunity to be heard."[9]  In a hearing held for that purpose, a creditor who seeks to confess judgment bears the burden of persuasion.[10]  There, the creditor must demonstrate by a preponderance of the evidence that the debtor knowingly, intentionally, and voluntarily waived the right to notice and a hearing.[11] The Court considers the totality of the circumstances when making those findings.[12]

The General Assembly articulated the necessary prerequisites for judgments by confession in 10 *Del. C.* § 2306.  Section 2306 requires the Court to hold the hearing, if requested by the defendant, before entering final judgment.[13]  Four

---

[7] *See* 10 *Del. C.* § 2306 (providing the filing and notice prerequisites for seeking a confessed judgment).

[8] *Mazik v. Decision Making, Inc*., 449 A.2d. 202, 204 (Del. 1982).

[9] 10 *Del. C.* § 2306(b).

[10] Super. Ct. Civ. R. 58.1(d)(5).

[11] *McQuillin v. Evans*, 2023 WL 7018042, at *4 (Del. Super. Oct. 24, 2023).

[12] *Id.*

[13] 10 *Del. C.* § 2306(b); *see also* Super. Ct. Civ. R. 58.1(d)(5) (providing that a debtor may appear in Court and object to the entry of judgment by confession and that a hearing is then held to determine if the debtor effectively waived his or her rights).

4

factors aid the Court in determining whether a debtor (1) understood the effect of a confession of judgment provision, and (2) intentionally waived his or her rights to notice and opportunity to be heard. Those factors include:

> (1) The defendant's business sophistication and experience with similar documents; (2) whether the defendant consulted an attorney; (3) whether all bargaining parties took the necessary steps to ensure that the terms of the agreement were read and understood at the time the transaction was entered; and (4) whether the defendant had the opportunity to review the document containing the confession of judgment [provision].[14]

### Findings of Fact and Analysis

The two principals speak Spanish but the promissory note in this case was written in English. The confession of judgment provision, found in paragraph 6 of the note, conspicuously explained what the debtor agreed to waive: the rights to notice and a hearing.[15] Despite the provision's clarity in English, on this record, the totality of the evidence fails to demonstrate that Mr. Angulo understood the confession of judgment provision or intentionally waived his right to advance contractual defenses to C & C's claim.

More specifically, C & C, the party with the burden of persuasion, offered no evidence to support that Mr. Angulo understood the provision. At the outset, the absence of evidence regarding Mr. Angulo's ability to understand written English cuts against C & C's claim that Mr. Angulo understood it. Furthermore, Mr. Angulo's testimony and argument demonstrated that he did not understand it. He

---

[14] *McQuillin*, 2023 WL 7018042, at *4; *see also RBS, N.A. v. Caldera Mgmt., Inc.*, 2009 WL 3011209, at *3 (D. Del. 2009) (citing *Pellaton v. Bank of N.Y.*, 592 A.2d 473, 476–477 (Del. 1991) (recognizing that the fact that the totality of the circumstances, which included the fact that the defendant had ample experience with the type of contract in question, that the defendant signed each document with the assistance of its attorneys, and that the defendant had ample opportunity to read and understand the documents supported the conclusion that the defendant waived its rights voluntarily).

[15] Promissory Note at 2.

focused only on the contentions that he had repaid some of the money and that the alleged side agreement should provide him more time to pay the balance. He could not have intentionally waived the right to present relevant contract defenses without at least a basic understanding of what the provision meant.

The result remains the same when applying the four factors referenced above more granularly. First, the record contains no evidence regarding Mr. Angulo's business experience or experience with similar documents. Second, it contains no evidence that suggests that Mr. Angulo consulted an attorney or had the opportunity to do so. To the contrary, the parties held the meeting to sign the document in C & C's office building and none of the three persons present testified that they discussed Mr. Angulo's right to have an attorney review the document. Third, Ms. Jacobs testified that she explained the documents to Mr. Angulo in only a general sense and that she did not read or translate the documents verbatim. Moreover, she testified that she told him that the confession of judgment provision meant merely that it permitted C & C to take him to court if he did not pay. Fourth and finally, C & C offered no evidence to touch upon how long Mr. Angulo had to review the documents before he signed them.

On balance, the totality of the evidence includes (1) no evidence touching on the four factors, (2) Ms. Jacobs' incorrect explanation to Mr. Angulo in Spanish that the confession of judgment simply permitted C & C to file a debt action upon breach, and (3) the sole reasonable inference that Mr. Angulo speaks only Spanish and could not read the confession of judgment provision because it was in English. On these facts, C & C did not meet its meet its burden of persuasion.

As a final note, Mr. Angulo conceded the note's enforceability and that it required him to repay $100,000. The remaining dispute centers on how much Mr. Angulo owes C & C. In the interest of practicality, C & C has leave to amend its pleading to assert a civil claim for the amount it contends Mr. Angulo still owes. If

C & C elects to do so, it may serve the amended pleading upon Mr. Angulo by first class mail because he participated in the originally noticed civil motion, he participated in the subsequent evidentiary hearing, and he confirmed his mailing address in Court. Assuming C & C elects to amend its pleading to one requesting damages in contract, Mr. Angulo must file his answer within twenty days after such service. In Mr. Angulo's answer, he must include the amount he concedes he still owes. The Court will then hold a prompt scheduling conference and set an expedited scheduling order because the trial's focus should be a narrow one.

## Conclusion

For the reasons explained above, C & C's request to enter a confessed judgment against Mr. Angulo is **DENIED**. C & C, however, has leave to amend its pleading to advance a contract claim against Mr. Angulo.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*
*U.S. Mail to Defendant Jorge Antonio Angulo Aguilar*

7